UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
09-CIV-20656-HOEVELER

**THE GIFT DEPOT WHOLESALE, CORP.,**
a Florida Corporation,
    Plaintiff,

v.

**MARCO DESTIN, INC., MARCO
DESTIN STORES, INC.,** Florida
Corporations, and **ELIEZER TABIB,**
an individual,
    Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTION
### FOR A PRELIMINARY INJUNCTION

BEFORE the Court is the plaintiff's motion for a preliminary injunction. The motion has been fully briefed and the Court heard oral arguments from the parties in Chambers. For the reasons that follow, the motion is DENIED.

### Background

The plaintiff designs and manufactures ornamental picture frames and sells them to gift shops in South Florida. The picture frames depict tropical settings such as tiki bars or beach scenes and are decorated with sculptural design elements including palm trees, surf boards, and beach attire. The plaintiff claims that certain design elements on the frames are original, copyrightable works that were granted copyright registration by the United States Copyright Office in February 2009. On March 13, 2009, the plaintiff filed a four-count complaint against Marco Destin gift shops, asserting claims under the Copyright Act, Lanham Act, and Florida's

1

unfair competition law. At the same time, plaintiff filed a motion for a preliminary injunction solely on the basis of the copyright infringement claim, arguing that the defendant is selling ornamental picture frames that infringe on plaintiff's copyrights.

I.

Under the Copyright Act, a district court has the power to grant temporary and final injunctions on such terms as the court may deem reasonable to prevent or restrain infringement of a copyright. 17 U.S.C. § 502(a). To prevail in federal court on its motion for a preliminary injunction, the Gift Depot must establish that: (1) it has a substantial likelihood of success on the merits of its copyright infringement claim; (2) a substantial threat exists that it will suffer irreparable injury if injunctive relief is denied; (3) the threatened injury to Gift Depot outweighs the threatened harm the injunction may do to the defendant; and (4) granting a preliminary injunction will serve the public interest. Suntrust Bank v. Houghton Mifflin Company, 268 F.3d 1257,1265 (11th Cir. 2001).

II.

The Court is not satisfied from a review of the evidence that plaintiff has established a substantial likelihood of success on the merits or that the plaintiff will suffer irreparable harm if the injunction is not granted. Although certain design elements on the defendant's picture frames are similar or virtually identical to design elements that appear on the plaintiff's frames, it is not clear which aspects of the plaintiff's frames are, in fact, the

original works entitled to copyright protection. A copyright registration certificate proves "prima facie proof of the existence of a valid copyright," 17 U.S.C. § 401(c), and Gift Depot has established that it applied for and received a certificate of Copyright for the "original works of sculptural ornamentation" on various picture frames. But the plaintiff does not purport to own a copyright for all of the design elements on its frames, rather, only on those elements that are original. At the hearing, the plaintiff submitted evidence about certain design elements that are original works, including a red life vest and a pairing of blue diving fins on top of a round life preserver. On the other hand, many of the design elements on the finished frames are apparently not claimed to be the plaintiff's original works. The defendant presented a catalogue from Herzfeld's gift wholesaler in Miami offering dozens of similar picture frames with design elements virtually identical to those on some of the plaintiff's frames. According to the defendant, all of the elements on the accused frames are "shelf stock" designs from the Chinese manufacturer and were not copied from the plaintiff.[1] Thus, although some design elements of the defendant's frames are quite similar to elements on the plaintiff's frames, it is not clear these are the elements subject to the copyright registration.

More importantly, the Court is not satisfied that the

---

[1] At the hearing, the plaintiff explained that drawings of its original design elements are given to a factory in China that turns them into sculptural ornamentation, and later incorporates them into the plaintiff's picture frames.

3

plaintiff has established the irreparable injury requirement. In the context of a motion for a preliminary injunction, irreparable injury is not necessarily presumed following a showing of copyright infringement, and monetary harm from the infringement of a copyright is not considered "irreparable." Lifetime Homes, Inc. v. Walker Homes, Inc., 2006 WL 2583345 *2 (M.D. Fla. 2006), citing Suntrust Bank v. Houghton Mifflin Co., 268 F.3d 1257, 1276 (11th Cir. 2001). Plaintiff argues that the accused picture frames have an inferior quality and are sold for a lower price, thereby confusing customers, harming the plaintiff's reputation, and causing price erosion. In reality, there are multiple South Florida ornamental picture frame companies making and selling very similar products, often adorned with similar thatched roofs, palm trees, surfing equipment, beach toys, etc. If design elements on the defendant's products are found to infringe upon the plaintiff's copyright, this injury can be repaired with money damages. The Court is not satisfied that the alleged reputation or business harm justifies the relief of a temporary injunction. Accordingly, it is hereby

ORDERED AND ADJUDGED: The plaintiff's motion for a temporary injunction is DENIED.

**DONE AND ORDERED** in Miami, Florida, May 25, 2009.

*/s/ William M. Hoeveler*
WILLIAM M. HOEVELER
UNITED STATES DISTRICT JUDGE