IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

| | |
|---|---|
| GIFT DEPOT WHOLESALE, CORP., a Florida corporation, | CASE NO. 09-cv-20656 HOEVELER/GARBER |
| Plaintiff, | FLORIDA BAR NO. 195230 |
| vs. | |
| MARCO DESTIN, INC., a Florida corporations, and ELIEZER TABIB, an individual, | **JOINT COUNSEL'S EYES ONLY PROTECTIVE ORDER** |
| Defendants. _____/ | |

WHEREAS, the Court is advised that Plaintiff and Defendants believe that certain documents and things, certain answers to interrogatories, certain testimony, and certain other responses that will be required to be produced by the parties in this action, contain trade secrets or other confidential information (referred to hereinafter as "CONFIDENTIAL MATERIALS") within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the Court is further advised that Plaintiff and Defendants believe that some of such CONFIDENTIAL MATERIALS may be relevant to the subject matter involved in the present action pending between them, within the meaning of Rule 26(b) of the Federal Rules of Civil Procedure. Now therefore,

IT IS HEREBY ORDERED, ADJUDGED and DECREED:

CASE 1:09-CV-20656-WMH

1. For purposes of this Protective Order:

(a) The term "Plaintiff's Counsel" shall mean all attorneys associated with ROBERT J. VAN DER WALL, P.A., Grand Bay Plaza Suite 701, 2665 South Bayshore Drive, Coconut Grove, Florida 33133; and any future counsel of record for Plaintiff in this litigation.

(b) The term "Defendant's Counsel" shall mean all attorneys associated with Edward F. McHale, MCHALE & SLAVIN, P.A., 2855 PGA Boulevard, Palm Beach Gardens, FL 33410; and any future counsel of record for Defendant in this litigation.

(c) The term "Supporting Personnel" shall mean all employees of Plaintiff's Counsel or Defendant's Counsel (including, without limitation, all attorneys, clerks, secretaries, legal assistants, stenographic personnel and other persons who render services for, share profits with, or receive compensation from such parties or counsel) as well as all contractors and firms employed, engaged, or otherwise retained by the parties or their counsel to provide litigation support service thereto and the employees of such firms or contractors.

(d) The term "Informed Expert or Witness" shall mean any person to whom CONFIDENTIAL MATERIALS (as that term is hereinafter defined) have been disclosed pursuant to Paragraph 7 of this Protective Order.

(e) The term "CONFIDENTIAL MATERIALS" shall mean all documents, things, affidavits, deposition transcripts, examinations, or other testimony produced or provided by

2


CASE 1:09-CV-20656-WMH

all parties or their officers, agents, attorneys, employees, contractors, or other representatives in response to discovery or otherwise during the litigation that have been clearly marked "**CONFIDENTIAL**", in good faith, by any party and which include (1) proprietary technical information, specifications, designs and drawings, (2) trade secrets as that term is defined in Uniform Trade Secrets Act, (3) confidential know-how, (4) proprietary business and financial information, including but not limited to customer lists and compilations of licensees, and/or (5) any other information the disclosure of which is likely to have the effect of causing substantial harm to the competitive position of any party. The term "CONFIDENTIAL MATERIALS" shall expressly exclude that which is public knowledge through no fault of any party, its/his/her counsel, Supporting Personnel, and/or Informed Expert or Witness. Public knowledge refers to knowledge demonstrated: (1) to have been available to the public at the time of its production, (2) to have become available to the public after the time of its production through no act, or failure to act, on behalf of any party, its/his/her counsel, Supporting Personnel, and/or Informed Expert or Witness, (3) to have already been known to such receiving party and/or to have been independently developed by such receiving party, (4) to have been obtained outside of this litigation by such receiving party from any party, provided, however, that this provision does not negate any pre-existing obligation of confidentiality, (5) to have been obtained by such receiving party after the time of disclosure hereunder from a third party having the right to disclose the same, and/or (6) to have been previously produced, disclosed and/or provided by any party

to this litigation to the receiving party and/or any third party without an obligation of confidentiality.

(f) Persons entitled to access to CONFIDENTIAL MATERIALS are:

(1) Counsel of record, attorneys of counsel, attorneys working under the direction of an attorney of record, and regular employees of such trial attorneys of record to whom it is necessary that the information be shown for purposes of this litigation; (2) Actual or potential experts or consultants, who have been designated in writing by notice to all parties and to which any party does not object within ten (10) days of receipt of such notice, prior to any disclosure of CONFIDENTIAL MATERIALS to such person and who have signed a document in the form of Exhibit "A" attached hereto (such signed document will be retained by the party who has designated the expert or consultant and copies of the signed document will be provided to the other parties); (3) The staff of the Court; (4) Court reporters and their staff who are required to transcribe testimony containing CONFIDENTIAL MATERIALS; and (5) If this Court so elects, any other person may be designated as a "Qualified Person" by Order of this Court, after all parties have been given notice and an opportunity to be heard. The foregoing individuals shall, except as provided herein, hold such CONFIDENTIAL MATERIALS (including any summaries, abstracts, indices therefor, or copies thereof) in confidence and not disclose them to anyone, including the parties and/or the officers, employees or other agents of the parties.

2.   All CONFIDENTIAL MATERIALS produced or provided by any party to this litigation, its officers, agents, attorneys, employees, contractors, or other representatives in

response to discovery or otherwise during the litigation are subject to the provisions of this Protective Order and are and shall be produced or provided solely for the purposes of use in the litigation. Counsel shall, except as provided herein, hold such CONFIDENTIAL MATERIALS (including any summaries, abstracts, indices therefor, or copies thereof) in confidence and not disclose them to anyone, including their clients and the officers, employees or other agents of their clients.

3. If Counsel believes that questions put to a witness being examined in a deposition will disclose CONFIDENTIAL MATERIALS of a client, or that the answers to any question or questions require such disclosure, or if documents to be used as exhibits during the examination contain such CONFIDENTIAL MATERIALS, upon notification to opposing counsel, the deposition of such witness, or confidential portions thereof, shall be taken in the presence of only Plaintiff's Counsel, Defendant's Counsel, the reporter and any persons who have signed the undertaking in the form of Exhibit "A" attached hereto. The confidential portions of the transcript of such depositions shall be treated in accordance with this Protective Order. To the extent possible, the reporter shall consecutively number each page of the entire transcript and then segregate into separate binders the confidential portions. A deponent may review the entire transcript of his or her deposition at any time.

4. If after a deposition, any party's Counsel determines that portions of a deposition not previously designated as CONFIDENTIAL MATERIALS are confidential, opposing counsel will be notified and following ten (10) days to respond to the request, those portions of the deposition be designated as CONFIDENTIAL MATERIALS. If any of

the other parties do not agree with the designation, the matter may be presented to the Court for determination. Counsel seeking to have said portions classified as confidential shall notify the reporter and shall bear the burden of proof.

5. By receiving any CONFIDENTIAL MATERIALS pursuant to this Protective Order, Plaintiff, Defendant, Plaintiff's Counsel, Defendant's Counsel, each Informed Expert or Witness, and all Supporting Personnel submit to the jurisdiction of this Court for the purpose of enforcement of this Protective Order.

6. No copy of any transcript or recording of any deposition, examination, or other proceeding taken by any party which is designated in whole or in part as containing CONFIDENTIAL MATERIALS shall be prepared for or furnished by the court reporter to any person other than Plaintiff's Counsel and Defendant's Counsel or the Court.

7. Plaintiff's Counsel and Defendant's Counsel may disclose CONFIDENTIAL MATERIALS, any portions, analyses, summaries, abstracts or indices or copies thereof or any documents containing information taken therefrom to experts or witnesses, solely for the purpose of assisting Plaintiff's Counsel or Defendant's Counsel in the preparation of this case. Such disclosure may be made only after requiring such experts or witnesses to sign a copy of an undertaking in the form of "Exhibit A' attached hereto signed by such expert or witness and providing a copy of the same to opposing counsel. In no event shall any expert or witness, including any Informed Expert or Witness, or Qualified Person be permitted to copy, quote, reference, transcribe, or prepare a summary of any

CONFIDENTIAL MATERIAL or portion thereof except in connection with and for purposes of use in the litigation.

8. Plaintiff's Counsel and Defendant's Counsel may disclose CONFIDENTIAL MATERIALS to Supporting Personnel solely for the purposes of use in the litigation. All Supporting Personnel and Informed Experts or Witnesses and Qualified Persons shall return all CONFIDENTIAL MATERIALS and all portions, analyses, summaries, abstracts, indices, and copies thereof to Plaintiff's Counsel or Defendant's Counsel at the conclusion of the litigation.

9. To the extent it is necessary to file with the Court any CONFIDENTIAL MATERIALS, including transcripts of depositions which contain CONFIDENTIAL MATERIALS, such CONFIDENTIAL MATERIALS shall be filed in sealed envelopes marked with the caption of this case, an identification of the items within, and the notation (or its substantial equivalent):

"Contains Confidential Information - To Be Opened Only As

Directed By The Court."

and shall be maintained under seal by the Clerk of the Court.

10. CONFIDENTIAL MATERIALS may be used in testimony, at trial, and in any appeals, in support or in opposition to any motion, at any motion hearing, to prepare for and conduct discovery, to prepare for trial and may be offered in evidence at trial or any motion hearing, all subject to the provisions of this Protective Order or any further order regarding confidentiality as the Court may enter. The Clerk shall maintain under seal all transcripts,

Case 1:09-cv-20656-WMH   Document 21   Entered on FLSD Docket 05/17/2010   Page 8 of 10

CASE 1:09-CV-20656-WMH

exhibits, and other documents which constitute or contain CONFIDENTIAL MATERIALS. Such materials shall be made available only to the Court, court personnel, Defendant's Counsel, and Plaintiff's Counsel.

11. The parties shall exercise restraint in designating materials as CONFIDENTIAL MATERIALS pursuant to the terms of this Protective Order and shall do so only to the extent necessary, in good faith, to protect legitimate business interests. Upon the other party's good faith request, the party designating an item as CONFIDENTIAL MATERIALS shall provide an explanation of the grounds for the designation. Any party may challenge a designation of a particular item or items as CONFIDENTIAL MATERIALS in accordance with the procedures of the Court as they relate to discovery disputes. In any such proceeding, the party defending the designation shall have the burden of proof to show that the challenged item meets the definition of CONFIDENTIAL MATERIALS established by this Protective Order. The parties may agree to modifications of this Protective Order by written stipulation signed by both parties.

12. A party shall not be obligated to challenge the propriety of a designation of CONFIDENTIAL MATERIAL at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that a party challenges at any stage of this proceeding a designation of CONFIDENTIAL MATERIAL, the parties shall first try to resolve such a challenge in good faith on an informal basis. If a resolution cannot be reached, the party challenging the CONFIDENTIAL MATERIAL designation shall send a written notice to the designating party identifying with particularity

CASE 1:09-CV-20656-WMH

the challenged CONFIDENTIAL MATERIAL, stating the reasons why the CONFIDENTIAL MATERIAL designation is being challenged and stating that the party will within ten (10) days move the Court to remove the designated status of CONFIDENTIAL MATERIAL. Until such time as the challenge is resolved, such CONFIDENTIAL MATERIAL shall be maintained in accordance with this Protective Order.

13. This Order shall not restrict any trial attorney of record in this action from rendering legal advice to his or her client(s) with respect to this action and, in the course thereof, generally referring to or relying upon his or her examination of CONFIDENTIAL MATERIAL. However, in rendering such advice, and in otherwise communicating with his or her client(s), the trial attorney of record shall not disclose the specific content of any CONFIDENTIAL MATERIAL or its source to his or her client(s).

14. Nothing in this Protective Order shall require disclosure of materials which counsel for any of the parties contend is protected from disclosure by the attorney-client privilege, the attorney work-product immunity or any other evidentiary privilege.

15. This Protective Order is not intended to prejudice the rights of any party to challenge the property of discovery on other grounds such as privilege, authenticity, relevancy, and materiality.

16. There is no waiver of an objection as a consequence of this Protective Order and no inference may be drawn from a failure to challenge a claim of confidentiality.

17. All notice periods herein are to be calculated as provided for in Rule 6 of the Federal Rules of Civil Procedure.

18. This Protective Order shall not apply to documents or testimony offered in evidence at trial by any party, except as provided by subsequent Order of the Court.

19. Within thirty (30) days after final termination of the litigation, including all appeals and periods in which appeals may be sought, Plaintiff's Counsel and Defendant's Counsel shall either: (1) return all CONFIDENTIAL MATERIALS in the possession, custody or control of Plaintiff, Defendant, Plaintiff's Counsel, Defendant's Counsel, any Informed Expert or Witness, any Supporting Personnel, or any Qualified Person and all copies, portions, analyses, summaries, abstracts and indices thereof and documents containing information taken therefrom to the opposing counsel or (2) shall certify in writing that such materials have been destroyed.

20. Nothing in this Protective Order shall in any way limit the permissible scope of discovery in this action.

21. Neither the entry of this order nor the designation of any information, document, or the like as CONFIDENTIAL MATERIALS, nor the failure to make such designation shall constitute evidence with respect to any issue on this action.

22. This Protective Order shall not prevent any party from applying to the Court for relief therefrom or from applying to the Court for further or additional protective orders.

SO ORDERED, this 17th day of May, 2010.

WILLIAM M. HOEVELER
U.S. SENIOR DISTRICT COURT JUDGE